F. R. POU, *Plaintiff in Error*, v. A. C. ELLIS, AS SHERIFF OF ESCAMBIA COUNTY, *Defendant in Error*.

Opinion Filed Nov. 25, 1913.

1.  Section 3483 Gen. Stats. of 1906, first enacted in 1832, which provides a penalty for the falsification of documents belonging to any public office in this State by any person. or for procuring such an offense to be committed, is not limited in

its operation to such public documents as were provided for by law when the act was originally passed, but applies to all public documents made such by law since that time, and now recognized as public documents, such as the registration books of Pensacola.

2. To illegally and corruptly add the names of persons to the registration books who are not qualified to register, is to "falsify" a record within the meaning of the statute.

Writ of error to Court of Record of Escambia County; Kirk Monroe, Judge.

Judgment affirmed.

*R. P. Reese,* for Plaintiff in error;

*T. F. West,* Attorney-General, and *C. O. Andrews,* Assistant, for Defendant in error.

HOCKER, J.—An information was filed in the Court of Record of Escambia County at the July Term, 1913, against the plaintiff in error and four others, on which a capias was issued and the plaintiff in error was arrested. On his petition alleging that he was in custody and deprived of his liberty without authority of law, the writ of *Habeas Corpus* was issued. The sheriff answered that he detained the petitioner under the authority of the capias and attached as an exhibit to his return the information on which the capias issued. There was a motion to quash the return, which was overruled, and the petitioner was remanded to custody. A writ of error was allowed to this court, returnable on the 14th of October, 1913.

The information contains fourteen counts. The first count charges that Frank Maura, Frank R. Pou, Wallace G. Kennedy, John G. Rupert and George Andrews, on the third day of April, 1913, at and in Escambia County, did then and there agree, conspire, combine and confederate together to corruptly falsify a record, to-wit, the registration books of the City of Pensacola, Florida, by then and there agreeing, conspiring and confederating together to corruptly and falsely place and enter upon said registration books as qualified voters of the City of Pensacola the names of persons who did not appear before the registration officer of said City to take the oath as required by law, and the names of persons who were not eligible to register as voters of Pensacola by reason of their not possessing the qualifications to enable them to be registered as such voters, and to corruptly and falsely make upon said registration books entries that persons appearing therein as voters were exempt from poll taxes for the years 1911 and 1912, when in fact said persons were liable for poll taxes for said years, and to corruptly and falsely make upon said registration books entries that persons thereon as qualified voters had paid poll taxes for the years 1911 and 1912, when said persons had not in fact paid poll taxes for said years, against the form of the statute, etc.

The second count charges that the same persons on the same day did agree, conspire, combine and confederate together to fraudulently falsify certain books and proceedings belonging to a public office within this State, to-wit, the registration books, and the registration and exemption certificates of and belonging to the office of the Registration Officer of the City of Pensacola, Florida, by then and there agreeing, conspiring, etc., to falsely, place

and enter upon said registration books as qualified voters of the City of Pensacola, the names of persons who did not appear before the Registration Officer to take the oath prescribed by law, and the names of persons who were not eligible to register, etc.

The third count is as follows: "And your informant aforesaid, prosecuting as aforesaid, upon his oath aforesaid, further information makes, that Frank Maura, Frank R. Pou, Wallace G. Kennedy, John G. Rupert and George Andrews, of the County of Escambia, in the State aforesaid, on the 3rd day of April, A. D. 1913, at and in the county of Escambia aforesaid, did then and there corruptly falsify a record, to-wit, the registration book of election District No. 13, of the City of Pensacola, Florida, by then and there corruptly and falsely placing and entering upon said registration book, as voters of the City of Pensacola, the names of H. E. Eldridge, Ben Skipper and W. H. Hammac, when in truth and in fact said persons last named did not then and there appear before the Registration Officer of the City of Pensacola and take the oath required by law, and were not eligible to register as voters of said City of Pensacola, by reason of their not possessing the qualifications required by law to entitle them to register as such voters, against the form of the statute," etc.

The other counts charge other acts by the petitioner and others alleged to be falsifications of the registration books in Pensacola, but we have sufficiently presented the charges so that the questions which have been raised may be understood and disposed of. It is admitted by the plaintiff in error that the information charges violations of the provisions of Section 3483 of the General Statutes of 1906, and conspiracies to violate said section. Without

quoting the section in full, it provides that if "any person whatsoever * * * shall corruptly * * * falsify or avoid any record * * * or shall fraudulently alter, deface or falsify any minutes, documents, books or any proceedings whatever, of or belonging to any public office within this State, or if any person shall cause or procure any of the offenses aforesaid to be committed, or be in any wise concerned therein, the person so offending shall be punished by imprisonment not exceeding one year or by fine not exceeding one thousand dollars," * * *.

Plaintiff in error presents but two objections to this proceeding. It is contended, first, that Section 3483 General Statutes of 1906, was first enacted in 1832, and that at that time there was no such thing as a registration officer, or a registration book for the City of Pensacola, and therefore the Legislative intent in passing the statute did not embrace the offenses alleged in the information. The rule of strict construction applicable to criminal statutes is invoked to sustain this contention.

Under Chapter 5533 Acts of 1905, and of Chapter 5832 Acts of 1907, and Chapter 6087 Acts of 1909, the registration of the qualified electors of Pensacola, and the keeping of the registration books by a registration officer, are amply provided for, and such books are public records. Section 3483 General Statutes of 1906, has been the law of Florida since its original adoption. We know of no principle of law, and none is cited to us, which would exclude from its operation criminal acts embraced in its language, simply because the conditions giving rise to such acts, did not exist when the statute was originally passed. If such a construction were indulged. the statute would not apply to the records of Criminal Courts of Record and other courts which have been created since 1832.

It is next insisted by the plaintiff in error that the acts alleged in the information if true were not falsification of a public record within the contemplation of the statute. We are left to decide this question without the aid of authority, as none is cited to us, and we have found none. One of the definitions of the word "Falsify" in Webster's International Dictionary, is "to make false by mutilation or addition; to tamper with, as to falsify a record of document." It seems to us that to add names improperly to registration book kept for the purpose of showing who are properly registered voters, is within the meaning of the statute, a falsification of the record.

The judgment below is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.