STATE, *ex rel.* John Marshall, v. W. Raleigh Petteway, as Judge of the Criminal Court of Record; of Hillsborough County.

164 So. 872.

Opinion Filed December 3, 1935.

Rehearing Denied Jan. 10, 1936.

*Whitaker Brothers* and *Charles F. Blake,* for Relator; *C. Jay Hardee,* for Respondent.

TERRELL, J.—Petitioner was, on October 5, 1935, informed against in the Criminal Court of Record of Hillsborough County for falsifying a public record, to-wit: corruptly placing illegal names on the registration book of election district No. 3 of the City of Tampa, contrary to Section 5357, Revised General Statutes of 1920, Section 7492, Compiled General Laws of 1927.

To that information petitioner, as defendant, filed pleas in bar alleging in substance that the county solicitor of Hillsborough County did in August, 1935, conduct an investigation into the legality of the registration of electors for the municipal primary election to be held as required by law in the City of Tampa, September 3, 1935, and particularly into the legality of the resgistration of electors for election district No. 3 of said city, that during said investigation petitioner was compelled to attend and testify before the county solicitor, that petitioner was sworn to testify by the county solicitor and did testify concerning the charges embraced in the information filed against him October 5, 1935, that petitioner in fact testified before the county solicitor with reference to said alleged offense and that by reason of giving said testimony he is not liable to presentment by information nor to prosecution or punishment therefor.

The county solicitor demurred to the plea of defendant on the ground, (1) that it did not state facts that would constitute a bar to the information, (2) that said plea shows on its face that petitioner claims immunity from prosecution by reason of Section 5917, Revised General Statutes of 1920, Section 8181, Compiled General Laws of 1927, relating to primary elections while the information shows

on its face that it was filed under Section 7492, Compiled General Laws of 1927, relating to the falsification of public records and has no relation to primary elections, and (3) the plea is devoid of any showing that petitioner claimed his immunity prior to or at the time he testified.

The trial court sustained the county solicitor's demurrer to these pleas, a date was set for trial when petitioner applied to this Court for writ of prohibition to quash the information and discharge the petitioner. A rule to show cause and a stay order were granted, to which a demurrer and a return were entered so the issues thus raised are now before us for final disposition.

Numerous questions are urged for solution but stripped of all dross the pith of the whole proposition is comprehended in the question of whether or not the fact that petitioner was called and required to testify before the county solicitor in the proceeding concerning the charges embraced in the information had the effect of immunizing him from prosecution for the charge of corruptly placing illegal names on the registration book of election district No. 3 of the City of Tampa.

Petitioner contends that this question should be answered in the affirmative and relies on Section 8181, Compiled General Laws of 1927, to support his contention, said section being as follows:

"Any person offending against any provision of the primary election law of this State is a competent witness against any other person so offending, and may be compelled to attend and testify upon any trial, hearing, proceeding or lawful investigation or judicial proceeding, in the same manner as any other person. But the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying. A person so

testifying shall not thereafter be liable to indictment or presentation by information, nor to prosecution or punishment for the offense with reference to which his testimony was given, and may plead or prove the giving of testimony accordingly in bar of such indictment, information, or prosecution."

Petitioner also relies on Section 363, Revised General Statutes of 1920, Section 420, Compiled General Laws of 1927, relating to primary elections in municipalities, the effect of which is to make the primary election law for nominating candidates for state and county offices applicable to the nomination of candidates for municipal offices insofar as they can be made to apply.

The registration of electors is a part of the primary election machinery and is governed by the primary election law. Section 420, Compiled General Laws of 1927, when applicable has the effect of regulating municipal primaries under the state and county primary election laws. Section 8181, Compiled General Laws of 1927, was originally Section Sixty-one of Chapter 6469, Acts of 1913, and applied only to that Act but in 1919 it was reincorporated as Section 5917, Revised General Statutes of 1920, and made applicable to all provisions of the primary election law.

Casual inspection discloses that the purpose of Section 8181, Compiled General Laws of 1927, was to offer a gratuity or inducement to those guilty of violating the primary election laws to give testimony against others so offending, such inducement being in the nature of immunity from indictment, presentment, prosecution, or punishment for the offense with reference to which his testimony was given. He may plead or prove the giving of such testimony in bar of any indictment, information, or prosecution.

Under the immunity granted by the Fifth Amendment to

the Federal Constitution it is necessary for one charged with crime to claim such immunity before testifying, otherwise he is barred from claiming the benefit of it. Heike v. United States, 227 U. S. 131, 33 Sup. Ct. Rep. 226, 57 L. Ed. 450, but this is not the case under our statute. It compels the one charged to attend and testify "upon any trial, hearing, proceeding, or lawful investigation or judicial proceeding, in the same manner as any other person" and then offers the immunity as a reward for so doing. The words of the statute are mandatory. It would be idle to contend that the person charged waived his immunity when he appeared and testified when he had no alternative but to comply with the subpoena. United States v. Goldman, 28 Fed. (2d) 424, text, 433; United States v. Edgerton, 80 Fed. 374; United States v. Swift, 186 Fed. 1002; Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. Rep. 195, 35 L. Ed. 1110; United States v. Bell, 81 Fed. 830; Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. Rep. 524, 29 L. Ed. 746.

The information in question was filed under Section 7492, Compiled General Laws of 1927, for falsifying a public record by corruptly placing illegal names on the registration book for election district No. 3, City of Tampa. This Court has held such a charge sufficient and a violation of the statute. Pou v. Ellis, 56 Fla. 358, 63 Sou. 721. Insofar as Section 7492 applies to the registration of electors for a city primary election it is made a part of the primary election law by Section 420, Compiled General Laws of 1927, and violations of it may be made immune from prosecution under Section 8181, Compiled General Laws of 1927.

Since Section 8181, Compiled General Laws of 1927, prohibits that the testimony extracted from petitioner be used against him and the fact that he gave it immunizes

him from indictment, prosecution, or punishment for the offense concerning which it was given, it follows that he cannot be tried or punished on the information predicated on said testimony, so he is entitled to have the information quashed and be discharged. The petition sets up these essential facts and the demurrer admits them. If petitioner had elected to go to trial he could have pleaded the giving of such testimony in bar of the prosecution.

The statute in other words had the effect of reviving the old common law practice of approvement whereby the approver charged with a felony was permitted to confess before plea, lay the crime on his accomplices, and receive his pardon for so doing.

The rule is settled in this State that prohibition may be employed to restrain an excess of jurisdiction as well as to prohibit the exercise of judicial power where none exists. It may also be used to confine a court within his power when he attempts to exercise jurisdiction beyond the legitimate scope of his powers. State, *ex rel.* Brooks, v. Freeland, 103 Fla. 663, 138 So. 27; Feger v. Fish, 106 Fla. 564, 143 So. 605; State, *ex rel.* Crabtree, v. Porter, 111 Fla. 621, 149 So. 610.

Having been required to testify concerning the matter for which he stands charged petitioner was under the statute relieved from prosecution or punishment therefor in this proceeding. For this reason the writ of prohibition should issue with directions that the accused be discharged from the prosecution here complained of. It is so ordered.

WHITFIELD, C. J., and ELLIS, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—I do not think writ of prohibition is proper remedy. The court below had jurisdiction

to decide this question on trial of the case, and if decided adversely to petitioner, he had plain remedy by writ of error..