STATE, *ex rel.* ALBERT G. HICKLAND, v. D. C. COLEMAN, Sheriff

188 So. 81.
Division B.
Opinion Filed April 4, 1939.
Rehearing Denied April 28, 1939.

*William J. Pruitt* and *A. Samuel Bender* for Plaintiff in Error.

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, *Robert R. Taylor* and *Thomas H. Anderson,* for Defendant in Error.

CHAPMAN, J.—From an order dated December 2, 1938, entered by the Circuit Court of Dade County, Florida, remanding to the custody of the Sheriff thereof Albert G. Hickland, the petitioner in the lower court, petitioner took writ of error as provided by law and assigns as error the aforesaid order and seeks a reversal thereof in this Court. The record shows that the petitioner was informed against by the Acting County Solicitor of Dade County, Florida, on nine separate informations. Each information charges

the petitioner with the violation of Chapter 16986, Laws of Florida, Acts of 1935. While these informations are otherwise identical, each charges the sending of false statements, affidavits and requests for absentee ballots to be sent to separate addresses in the City of New York by the Clerk of the City of Miami Beach so that the same could be prepared and sent by mail and counted in the election to be held by the City of Miami Beach, Florida, on the 1st day of June, 1937.

The pertinent portions of one of the informations are, viz.:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:

"ALBERT D. HUBBARD, Acting County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that ALBERT G. HICKLIND of the County of Dade and State of Florida, on the 7th day of May, in the year of our Lord, one thousand nine hundred and thirty-seven, in the County and State aforesaid, did then and there unlawfully transmit, deliver and cause to be made, transmitted and delivered from New York, New York, to C. W. Tomlinson, City Clerk of Miami Beach, Floria, at Miami Beach, Florida, the hereinafter set out false statement, affidavit and request for absentee ballot with the intent that the same should be used under the provisions of Chapter 16,986 Laws of Florida, 1935, in this:

"That an election was to have been held in Miami Beach, Florida, on June 1st, 1937, for the purpose of choosing members of the City Council of said City, and in anticipation of the holding of said election and prior thereto and within the time required by law, the said ALBERT G. HICKLAND did unlawfully transmit, deliver and cause to be made, transmitted and delivered by United States mail from New

York City, New York, to Miami Beach, Florida, to C. W. Tomlinson, Clerk of said municipality, a false statement, affidavit and request for ballot in the words and figures as follows; to-wit:

"'Affidavit and Request for Ballot

"'State of New York

"'County of New York, New York.

"'I, the undersigned, do hereby solemnly swear that I am a citizen of the United States; that I am a legal resident of the State of Florida and have been such for one year last past, and of the county of Dade, City of Miami Beach, for six months last past; that I am a duly qualified voter in Precinct No. 32 of said municipality; that I am a qualified elector under the laws of the State of Florida; that I have not voted in any state other than the State of Florida within the last twelve months; that I am not a registered voter in any State other than the State of Florida; that I expect to be absent from the State of Florida on the occasion of the General Election to be held in Miami Beach on the 1st day of June, A. D. 1937; that I will have no opportunity to vote thereat personally, will not attempt to do so and request that an official ballot be mailed to me at Number Knickerbocker Hotel 120 W. 45th St., Street, Avenue, City of N. Y. State of N. Y.

"'Daniel McGarry, Elector.

"'Sworn to and subscribed before me on this the 7th day of May, A. D. 1937.

"'Irving Clayman, Notary Public.

"'My commission expires March 30, 1938.
"'(seal)      N. Y. Co., Clk No. 130, Reg. No. 90311'
"'N. P. Seal      Notary Public,

"That said statement, affidavit and request for ballot

was false in this, that the said Daniel McGarry did not swear to or subscribe to the same before Irving Clayman, or any other person, which fact was then and there well known to the said ALBERT G. HICKLAND, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

"ALBERT D. HUBBARD,
ACTING County Solicitor,
Dade County, Florida."

The record shows that the petitioner during the month of August, 1937, was served with a subpoena to appear before the Acting County Solicitor for Dade County, and did appear and was duly sworn and gave testimony. We have carefully considered all the testimony given by the petitioner and his counsel that is claimed is pertinent or material.

The question for decision is whether or not each of the nine informations are void on the theory that petitioner was immunized from prosecution under Section 8181 C. G. L., when he appeared in compliance with a subpoena and gave testimony before the Acting Prosecuting Attorney of Dade County, Florida. Section 8181 C. G. L., provides:

"Any person offending against any provision of the primary election law of this State is a competent witness against any other person so offending, and may be compelled to attend and testify upon any trial, hearing, proceeding or lawful investigation or judicial proceeding, in the same manner as any other person. But the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying. A person so testifying shall not thereafter be liable to indictment or presentment by information nor to prosecution or punishment for the offense with reference to which his tes-

timony was given, and may plead or prove the giving of testimony accordingly in bar of such indictment, information or prosecution."

It was held by this Court in the case of State, *ex rel.* Marshall v. Petteway, 121 Fla. 822, 164 So. 872, that Section 8181 C. G. L. applies not only to State primary elections, but likewise to municipal elections. See Section 420 C. G. L. In the case of State, *ex rel.* Marshall, v. Petteway, *supra,* when considering the application of Section 8181 C. G. L., this Court said:

"Casual inspection discloses that the purpose of Section 8181, Compiled General Laws of 1927, was to offer a gratuity or inducement to those guilty of violating the primary election laws to give testimony against others so offending, such inducement being in the nature of immunity from indictment, presentment, prosecution, or punishment for the offense with reference to which his testimony was given. He may plead or prove the giving of such testimony in bar of any indictment, information, or prosecution.

"Under the immunity granted by the Fifth Amendment to the Federal Constitution it is necessary for one charged with crime to claim such immunity before testifying, otherwise he is barred from claiming the benefit of it. Heike v. United States, 227 U. S. 131, 33 Sup. Ct. Rep. 226, 57 L. Ed. 450, but this is not the case under our statute. It compels the one charged to attend and testify 'upon any trial, hearing, proceeding, or lawful investigation or judicial proceeding, in the same manner as any other person' and then offers the immunity as a reward for so doing. The words of the statute are mandatory. It would be idle to contend that the person charged waived his immunity when he appeared and testified when he had no alternative but to comply with the subpoena. United States v. Goldman, 28 Fed. (2d) 424, text 433; United States v. Edger-

ton, 80 Fed. 374; United States v. Swift, 186 Fed. 1002; Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. Rep. 195, 35 L. Ed. 1110; United States v. Bell, 81 Fed. 830; Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. Rep. 524, 29 L. Ed. 746. * * *

"Since Section 8181, Compiled General Laws of 1927, prohibits that the testimony extracted from petitioner be used against him and the fact that he gave it immunizes him from indictment, prosecution, or punishment for the offense concerning which it was given, it follows that he cannot be tried or punished on the information predicated on said testimony, so he is entitled to have the information quashed and be discharged. * * *"

In the case, *supra,* petitioner was informed against in the Criminal Court of Hillsborough County, Florida, under Section 7492 C. G. L., relating to primary elections and the legality of the registration of electors of the City of Tampa. The defendant in that case was compelled to attend before the County Solicitor of Hillsborough County on September 3, 1935, was duly sworn, and did testify concerning the charges embraced in the information filed against him on October 5, 1935, and the testimony so given before the County Solicitor was in reference to the offense stated in the information. It was held that he gave the testimony and the testimony so given before the County Solicitor was material to the charge then being investigated.

In the case at bar the petitioner appeared before the Acting County Solicitor and gave evidence, but the evidence so given by him, as above stated, was not material to the alleged criminal offenses then being investigated by the solicitor. If the testimony had been material or had thrown any light upon the criminal offense then being investigated by the solicitor, the petitioner's contention might be sound. The lower court heard the petitioner and all evidence given

by him before the Acting County Solicitor and held that same was not material to and threw no light upon the point of inquiry, and did not fall within the case of State, *ex rel.* Marshall, v. Petteway, and Section 8181, *supra.* We have carefully examined all the evidence given by the petitioner while before the Acting County Solicitor and agree with the conclusion reached by the lower court.

Therefore the order appealed from is hereby affirmed, and the petitioner remanded to the Sheriff of Dade County, Florida, for further proceedings according to law.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.