74 So.2d 289 (1954)
LORENZO
v.
BLACKBURN, Sheriff.
Supreme Court of Florida. Division A.
July 13, 1954.
Rehearing Denied September 13, 1954.
Frank Ragano, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
SEBRING, Justice.
The County Solicitor of Hillsborough County, Florida, was conducting an investigation in connection with certain criminal informations lodged against Henry Trafficante and Santo Trafficante, Jr., wherein the Trafficantes were charged with bribery, and setting up, promoting or conducting an unlawful lottery in Hillsborough County. In the course of the investigation the county solicitor summoned the appellant, Salvatore J. Lorenzo, and placed him under oath for the purpose of interrogation. Lorenzo declined to answer most of the questions put to him by the county solicitor on the ground *290 that his answers would tend to incriminate him under the Florida Motor Vehicle Law. Upon his refusal to answer, Lorenzo was brought before the Criminal Court of Record for Hillsborough County for hearing on a contempt citation.
At the hearing before the trial court Lorenzo continued his refusal to answer the questions, although he was afforded the opportunity to answer. Because of his refusal to answer, Lorenzo was adjudged in contempt of court and sentenced to imprisonment. Lorenzo thereupon instituted a habeas corpus proceeding in the Circuit Court for Hillsborough County to question the legality of his detention. At the conclusion of a hearing on the writ and motion to quash, the circuit court quashed the writ and remanded the appellant to custody under the contempt order. The present appeal is from the order of remand.
We find no error in the order appealed from. It is plain to us that the questions Lorenzo refused to answer were relevant to the subject matter of the investigation. While it may be that except for our immunization statute responsive answers to the questions might have tended to render the appellant subject to prosecution for other offenses against the laws of Florida, the statute in question gave the appellant complete immunity.
The statute upon which we rely for our conclusion provides, in part, that "No person shall be excused from attending and testifying * * * before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery * * * gaming or gambling * * * upon the ground or for the reason that the testimony or evidence * * * required of him may tend to convict him of a crime * * * but no person shall be prosecuted * * * for or on account of any transaction, matter or thing concerning which he may so testify * * * and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding." Section 932.29, Florida Statutes 1951, F.S.A.
In respect to this statute it has been decided by this Court that an investigation conducted by a county solicitor or other duly elected or appointed prosecuting official is an investigation before a court, within the purview of the statute. Wilson v. State, 134 Fla. 390, 184 So. 31; State ex rel. Marshall v. Petteway, 121 Fla. 822, 164 So. 872.
As to the scope of the immunity granted by the statute, it is held in State ex rel. Mitchell v. Kelly, Fla., 71 So.2d 887, 894:
"The subject matter of the pertinent `investigation, proceeding or trial' must be one or more of the five categories of crimes specifically enumerated in the statute, that is, `* * * any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spirituous, vinous or malt liquors, * * *.' Otherwise, the statute is not involved. However, once the statute becomes applicable, the immunity effected is not confined to immunity for the crimes specifically enumerated therein. Instead, the immunity of the witness extends, by the terms of the statute, to `* * * any transaction, matter or thing concerning which he may so testify or produce evidence, * * *.'
"We interpret the words `transaction, matter or thing' to refer to offenses revealed by the testimony so given and not merely to the five offenses enumerated. The testimony so given need but be relevant to and have substantial connection with the subject of inquiry to bestow complete immunity for any offense revealed. Any narrower construction would raise serious question of the constitutionality of the statute. * * *
"We therefore hold that where a witness is required to testify in an investigation, proceeding or trial, the subject matter of which involves any of the five categories of crimes specifically enumerated in Section 932.29, Florida *291 Statutes 1951, F.S.A., this statute is applicable. When the witness gives testimony responsive to questions which are relevant to such subject matter, the witness is free forever from being subjected to a penalty, forfeiture or prosecution for any offense substantially connected with the transaction, matter or thing concerning which he testified if any testimony so given in such inquiry constitutes a link in the chain of evidence needed to prosecute such witness thereafter charged for such offense revealed by testimony he was required to give, whether such testimony is used or not.
"We think this construction of the Act conforms to constitutional requirements and yet puts to rest any fears that the Act could possibly serve as a sanctuary or provide plenary immunity for all past crimes of a testifying witness, by requiring that the protected testimony result from relevant answers to relevant questions."
From the language of the decision it is plain that if the county solicitor conducts an investigation into any of the criminal offenses enumerated in section 932.29, supra, and if relevant answers are given to relevant questions propounded by the county solicitor and have a substantial connection with the subject matter of the investigation, the witness acquires complete immunity and "is free forever from being subjected to a * * * prosecution for any offense substantially connected with the transaction, matter or thing concerning which he testified if any testimony so given in such inquiry constitutes a link in the chain of evidence needed to prosecute such witness thereafter charged for such offense revealed by testimony he was required to give, whether such testimony is used or not."
Some suggestion is made in briefs that to require of the appellant that he answer the questions propounded by the county solicitor will place him in a situation of substantial and imminent danger of Federal prosecution and that consequently he was within his constitutional rights in refusing to answer.
In respect to this suggestion it is pertinent to observe that while a witness who refuses to answer on the grounds of possible self-incrimination is the one who must be permitted to judge of the possible effect of his answer, and should not be required to explain how the answer will incriminate him, "yet the court must determine, under all the circumstances of the case, whether such will be its tendency from the question asked." Ex parte Senior, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133; State ex rel. Mitchell v. Kelly, supra.
In the case at bar we fail to find anything in the record indicating any charge pending against relator under Federal law, or any substantial proof that there is any likelihood thereof with reference to the subject matter of the questions propounded. While it is not entirely clear to us what purposes were intended to be served by some of the questions put by the investigating officer, we fail to see how the answers sought to the questions could have placed the appellant in a situation of substantial and imminent danger of Federal prosecution. Therefore, we conclude that the appellant has failed to lay a sufficient predicate for his failure to answer the questions, and, consequently, that the circuit court did not commit reversible error in remanding him to custody.
Other assignments of error have been considered and we find them to be without substantial merit.
From the conclusions we have reached we hold that the appellant has failed to make error clearly to appear and consequently that the order appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL, and MATHEWS, JJ., concur.