102 So.2d 613 (1958)
STATE of Florida ex rel. Charles G. REYNOLDS, Relator,
v.
Edward G. NEWELL, as Judge of the Criminal Court of Record in and for Palm Beach County, State of Florida, and Hugh MacMillan, as Judge of the Criminal Court of Record in and for Palm Beach County, State of Florida, Respondents.
Supreme Court of Florida.
May 7, 1958.
*614 Jordan Johnson and Hal S. Ives, West Palm Beach, for relator.
Harry Lewis Michaels, West Palm Beach, for respondents.
TERRELL, Chief Justice.
In May 1955, pursuant to command of a John Doe subpoena from the county solicitor of Palm Beach County, relator appeared and testified during an investigation concerning an alleged bribery charge against a West Palm Beach police officer. A charge was pending against relator in the Municipal Court of West Palm Beach and the alleged bribery was said to have been consummated by one Tucker in his behalf in connection with said charge.
Relator was on March 28, 1956, informed against in Criminal Court of Record, Palm Beach County, the charge laid in the information being "substantive felony of accessory before the fact of bribery." Relator moved to quash the information on the ground that having testified as to the alleged bribery, he was immune from prosecution under the provisions of § 932.29, Florida Statutes, F.S.A. The court denied *615 the motion to quash and set the cause for trial. Relator forthwith filed his suggestion for writ of prohibition in this court. The rule nisi was issued, to which respondents filed their return. The cause is here for disposition on the issues made by the return to the rule nisi.
Respondents contend that in resorting to prohibition relator is seeking the wrong remedy. They say that he should have gone to trial and if convicted, he should have appealed. There is no merit to this contention because an excess of jurisdiction is involved and this court is committed to the doctrine that excess of jurisdiction may be restrained by prohibition. State ex rel. Marshall v. Petteway, 121 Fla. 822, 164 So. 872; State ex rel. Byer v. Willard, Fla. 1951, 54 So.2d 179.
The real point in the case is whether or not under the facts related § 932.29, Florida Statutes 1955, F.S.A., immunized relator from prosecution. The pertinent part of said statute is as follows:
"No person shall be excused from attending and testifying or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling * * *, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise * * *."
The record discloses that relator appeared before the county solicitor on May 9 and 24, 1955. He also appeared before the grand jury October 18, 1955. The appearance May 9, 1955, was on request of the county solicitor and upon advice of his counsel. The evidence taken at that appearance was transmitted to this court but was not before the trial court when it considered the motion to quash. The second appearance of relator before the county solicitor May 24 was in response to the John Doe subpoena commanding him to appear and testify concerning the alleged bribery of the police officer. Relator contends that the testimony given by him at the appearance May 24, 1955, before the county solicitor immunizes him under § 932.29, Florida Statutes 1955, F.S.A.
In State ex rel. Mitchell v. Kelly, Fla. 1954, 71 So.2d 887, 895, in an opinion by Mr. Justice Drew, the question of when § 932.29 was applicable, and when applicable the extent of immunity and nature of the testimony required to clothe the witness with immunity was thoroughly considered and the rule for its application was defined. Applying the rule so defined, it is clear that the subject matter of the inquiry was "bribery," one of the crimes enumerated in the statute, that the testimony given was responsive to questions relevant to bribery of the police officer, and that the crime with which relator is charged related to bribery but the evidence itself was not of the character that immunizes.
The next question comprehended in the test laid down in State ex rel. Mitchell v. Kelly, supra, having to do with immunity is, did relator's testimony "constitute a link in the chain of evidence" required to prosecute him for the offense charged. In denying the motion to quash, the lower court held the relator's testimony given on May 24, 1955, was not incriminating in any way, nor did it in any sense form a "link in the chain of evidence," for which the lower court held that relator was not entitled to immunity because of his testimony before the county solicitor.
Any incriminating fact or circumstance that will contribute weight to other facts or circumstances from which guilt may be inferred is sufficient to constitute a link in the chain of evidence warranting prosecution. Many links may be required to compose the chain but the one charged cannot be compelled to furnish any of them if they directly or indirectly incriminate *616 him. Ex parte Senior, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133. By the test so required the testimony before the solicitor on May 24 is not such a link.
As to relator's meeting with the county solicitor on May 24, 1955, the court below, as this court is, was confronted with a transcribed copy of the testimony and nothing more. When queried by the county solicitor under oath, relator denied that he gave Tucker any money to influence the police officer relative to the charge pending in the municipal Court. After the money was allegedly paid by Tucker to the officer, relator never heard from Tucker about it or at any time did he discuss it with him [Tucker]. The interrogatories between relator and the chief of police about the matter on this same occasion contain no incriminating testimony.
The purpose of the immunity statute is to aid the prosecution in securing evidence despite the protection afforded defendant against self-incrimination by Section 12, Bill of Rights, Florida Constitution, F.S.A., and should be liberally construed to accomplish that purpose. State ex rel. Byer v. Willard, Fla. 1951, 54 So.2d 179; Florida State Board of Architecture v. Seymour, Fla. 1952, 62 So.2d 1. The terms of the statute and its application must be as broad as the constitutional guaranty, otherwise the ends to be accomplished would be completely frustrated because no one would testify upon any investigation, proceeding or trial for violation of the statutes against the five crimes enumerated. Section 932.29, Florida Statutes, F.S.A., should not be construed so as to make it a haven of immunity for any and all past crimes which the one testifying may volunteer to disclose.
Relator's appearance before the grand jury on October 18, 1955, was clearly voluntary, there being no contrary contention. He was advised of his rights before-hand and told that he did not have to testify. In volunteering to testify, he waived immunity. State ex rel. Hemmings v. Coleman, 137 Fla. 80, 187 So. 793; McKown v. State, Fla. 1951, 54 So.2d 54; State v. Grayson, Fla. 1951, 55 So.2d 554. The proceedings had at the first appearance before the solicitor on May 9, 1955, have been examined and show that relator was under oath and that he waived immunity. His rights were explained to him and it is shown that his appearance before the solicitor was voluntary.
Since it is shown that at the hearing on May 9, 1955, relator expressly waived immunity, that while he testified on May 24, 1955, under compulsion, his testimony was not such as to grant him immunity under the rule announced in State ex rel. Mitchell v. Kelly, supra, and finally, since he expressly waived immunity before the grand jury on October 18, 1955, the rule nisi must be, and is hereby, discharged and the cause dismissed at the cost of relator.
It is so ordered.
THOMAS, HOBSON, ROBERTS and DREW, JJ., concur.