LOVE, WILLIAM K., Associate Judge,
Appellant appeals from a conviction, in1 four counts, on an information charging *842 his bribery of a municipal police officer. The prime allegation-of error is based upon the admission of evidence over a claim of immunity under Section 932.29 of the Florida Statutes, F.S.A.
The sequence of events commenced on August 19, 1960, when the County Solicitor filed Information No. 66769 (the case now under consideration) charging appellant with the bribery of Detective Eaton, a municipal police officer of the City of West Palm Beach, Florida. This information was filed at 5:58 P.M. At 9:45 P.M. on the same day, the defendant appeared before the County Solicitor of that county and police officers of Palm Beach and West Palm Beach and/or a deputy sheriff. He voluntarily related the payment of monies to William J. Eaton, the detective in question, and to one Joseph J. Barrow, an agent of the State Beverage Department. The consideration to Eaton was for the stated purpose of permitting appellant to operate a lottery without molestation. The payment to Barrow was for a like consideration. The appellant does not contend that the giving of the information at this appearance was required or that it granted to the defendant immunity.
Six days later, the appellant was subpoenaed to appear before the County Solicitor in connection with a formal investigation. He appeared with counsel who advised him not to answer questions propounded by the solicitor. The matter was carried before one of the Judges of the Criminal Court of Record where the solicitor demanded that the appellant be required to answer his examination, advising the Court that the inquiry then involved was into a charge of bribery which was separate and distinct from that charged in Information No. 66769 (the Eaton bribery). Appellant’s counsel contended that the examination might subject appellant to prosecution in the Federal Court and further that the present investigation might tend to be relevant in the Eaton case or at least to some evidence in it. Upon the theory of the County Solicitor that the causes were separate and distinct, the appellant was ordered by the Court to submit to the interrogation. Thereafter, the solicitor informed against the said Joseph J. Barrow, charging him with the acceptance of bribery monies from the appellant. This latter case was designated as Case No. 66955. ;
At the inception of the trial in the case now under consideration, counsel for the defendant called to the Court’s attention that the appellant was granted immunity in the latter or Barrow case. The State conceded that immunity had been granted in that case. . .
The first and chief witness for the State, Detective Eaton, was questioned as to certain statements made by Joseph J. Barrow, made outside the presence of the defendant and subject to objection as hearsay. The State contended that the statements of Barrow should be admitted under the State’s theory that the defendant, Adam Lewis, and Barrow were accomplices or conspirators “in this and other crimes” and that the State was entitled to offer the out of Court declarations of the co-conspirator as admissible against the defendant as an exception to the hearsay rule. Counsel for the defendant objected to such statements on the grounds that as to any conspiracy between Barrow and the defendant, that immunity had been granted. The testimony was admitted. The relationship between Barrow and the defendant, under this theory of conspiracy, consumed a large portion of the evidence submitted in the trial, and if erroneous, was certainly prejudicial.
We accept the position of the State that insofar as the offense involving bribery of Eaton and the offense involving bribery of Barrow are distinct, the interrogation on August 25th with respect to bribing Barrow did not immunize appellant from prosecution for bribing Eaton. However, when on trial for bribing Eaton, the State abandoned the theory that the Eaton and Barrow bribes were distinct and sought to prove the Eaton bribery resulted from a *843 conspiracy between appellant and Barrow. The prosecution violated the immunity given appellant with reference to his associations with Barrow.
It is clear that the State could not have prosecuted appellant for conspiracy with Barrow. By the same token, it cannot prove such a conspiracy as an essential predicate for the introduction of incriminating testimony which would be otherwise inadmissible. Of course, denying the admissibility of proof of conspiracy and, consequently, of the statements of the alleged co-conspirator does not foreclose effective prosecution. It merely requires that the State adopt an attitude toward the distinction between the Eaton bribe and the Barrow’s bribe consistent with its position during the investigation and proceedings under § 932.29, Florida Statutes, F.S.A. The Statute in question is designed to permit the prosecuting officials of the State to obtain evidence which otherwise would be denied to them under the constitutional right against self-incrimination. Interestingly, it has been the defense which has sought to limit the scope of the Statute in order to avoid the necessity of answering or submitting to such an examination and it has been the State which has sought to broaden the immunity provision in order to obtain a complete disclosure. The opinion of Mr. Justice Drew in the case of State ex rel. Mitchell v. Kelly, Fla., 71 So.2d 887, relates the development of the law in this field.
There is nothing in the record to indicate that the defendant failed to testify truthfully or fully at his interrogation in the Barrow case for which he is admittedly immunized and for the' State to then present testimony admissible only under the theory of a conspiracy between Barrow and the defendant is, it seems to this Court, completely contrary to its theory of separate and distinct offenses and to be prejudicial error. Such questions would most certainly have been subject to the right of the defendant to refuse to answer upon the grounds of self-incrimination. The terms of the Statute and its application must be as broad as the constitutional guaranty. See Lorenzo v. Blackman, Fla., 74 So.2d 289; State ex rel. Reynolds v. Newell, Fla., 102 So.2d 613.
Therefore, it is the order and judgment of this Court that the judgment and the sentence herein is reversed and a new trial is awarded to the defendant.
SMITH, C. J., and ALLEN, J., concur.