ADKINS, Justice,
concurring specially:
This cause is before us by petition for writ of certiorari, asserting conflict between the decision of the Third District Court of Appeal in Cook v. State, 360 So.2d 439 (Fla.3d DCA 1978), and this Court’s decisions in Wilson v. State, 134 Fla. 390, 184 So. 31 (1938); and State v. Petteway, 121 Fla. 822, 164 So. 872 (1935). Art. V, § 3(b)(3), Fla.Const.
The parties shall be referred to as they appeared in the trial court, petitioner as defendant and respondent as state.
The facts of this case are not in dispute. The attorney general’s office served defendant with a notice of taking deposition as a party defendant in an administrative proceeding. The defendant’s testimony at these depositions was subsequently used as a basis for criminal charges against him. The defendant moved to dismiss the information on the basis of statutory immunity. § 914.04, Fla.Stat. (1975). When this motion was denied he pled nolo contendere to two counts and appealed. The Third District Court of Appeal per curiam affirmed *1369 the conviction on authority of State ex rel. D’Amato v. Morphonios, 358 So.2d 1119 (Fla.3d DCA 1978).
Section 914.04, Florida Statutes, states in pertinent part:
No person, having been duly served with a subpoena . . shall be excused from attending and testifying . before any court having felony trial jurisdiction, grand jury, or State Attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence . . required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture.
The attorney general is not mentioned as having authority to grant immunity. But the defendant contends the attorney general was acting as an arm of the state attorney since the deposition was in a proceeding governed by chapter 501, part II, Florida Statutes (1975), which includes the following:
“Enforcing authority” means the office of the state attorney if a violation of this part occurs in or affects the judicial circuit under the office’s jurisdiction and if a complaint of such violation has been referred to the state attorney by the Department of Legal Affairs. “Enforcing authority” means the Department of Legal Affairs if the violation occurs in or affects more than one judicial circuit or if the office of state attorney fails to act upon a violation within a reasonable period of time after it has been referred to him by the Department of Legal Affairs.
§ 501.203, Fla.Stat. (1975).
The defendant’s argument is untenable in light of the plain meaning of the immunity statute. The legislature clearly and unambiguously limited those who have the authority to grant immunity. According to a longstanding principle of statutory construction, this list should be presumed to be exclusive and any omissions to be deliberate. Thayer v. State, 335 So.2d 815 (Fla.1976).
Unlike DAmato v. Morphonios where the defendant was in fact questioned by a state attorney, albeit at a defense deposition, the defendant herein merely appeared and testified before the Department of Legal Affairs in furtherance of civil discovery in an .administrative lawsuit. In this instance the defendant could not have been granted immunity under section 914.04, Florida Statutes (1975), for the statute was inapplicable. His protection against divulging incriminating testimony lay in the federal and state constitutions, a protection which he did not seek.
The decisions cited by the defendant in support of conflict certiorari jurisdiction are not at odds with the decision of the Third District Court of Appeal herein. In Wilson v. State, a county solicitor entered into an immunity agreement with a person who testified in an investigation of gambling operations. The state challenged the county solicitor’s authority to grant immunity under the applicable statute. Chapter 5400, Acts 1905, section 1 protected persons compelled to testify “before any court upon any investigation or proceeding or trial.” This Court noted the investigation and taking of testimony by a county solicitor was as much a court proceeding as was a grand jury inquiry; thus the county solicitor had acted within the purview of the statute. The present immunity statute is far more specific than that which governed this Court’s decision in Wilson. There is no conflict in light of the material factual distinction. Neilsen v. City of Sarasota, 117 So.2d 731 (Fla.1960).
Similarly, in State v. Petteway, one who gave testimony before a county solicitor was protected by an immunity statute specifically geared to violations of primary election laws. Chapter 6469, Acts 1913, section 61 required attendance and testimony “upon any trial, hearing proceeding or lawful investigation or judicial proceeding” but *1370 granted immunity in return for such testimony. Without directly addressing the issue of whether the county solicitor had authority to confer immunity this Court observed that the intent of the statute was to offer immunity as an inducement to those guilty of violating the .primary election laws in order to secure evidence against other violators. Since this was exactly the situation involved in Petteway, the defendant was held immune from prosecution. Again, the statutory basis upon which Petteway rests is factually distinguishable from supporting the instant decision.
In light of these considerations the writ of certiorari in this cause was improvidently issued.
BOYD, J., concurs.