96 N.J. Super. 515 (1967)
233 A.2d 413
STATE OF NEW JERSEY, PLAINTIFF,
v.
ARTHUR ROSANIA, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 28, 1967.
Mr. Thomas P. Ford, Jr., First Assistant Prosecutor argued the cause for plaintiff (Mr. James Zazzali, Assistant Prosecutor on the brief, Mr. Brendan T. Byrne, Prosecutor, Essex County).
*516 Mr. Dino D. Bliablias, attorney, argued the cause for defendant, Arthur Rosania (Messrs. Stein, Bliablias & Goldman, attorneys).
FUSCO, J.S.C.
On June 12, 1967, the defendant was subpoenaed to appear before the Grand Jury of Essex County on June 13, 1967, to give evidence on behalf of the State. The description of the proceeding in which he was to give evidence was left blank, although a subpoena served on Greta Brickell, who testified before this same Grand Jury, indicated some papers which the Grand Jury intended her to bring. The defendant appeared; he was indicted and charged with committing the crimes of conspiracy, attempted extortion, and soliciting an undue reward.
The defendant now moves to dismiss the two indictments returned against him on the grounds that they are without foundation in law and fact and have been unlawfully and illegally obtained in violation of the defendant's constitutional rights under the Constitution of the United States and State of New Jersey and in violation of N.J.S. 2A:84A-17, et seq. The defendant requests additional relief, however, since the motion has been consolidated with State v. Sarcone, 96 N.J. Super 501 (Law Div. 1967), a motion to dismiss the same indictments, the Court will not include the disposition of those additional matters in this opinion.
When the defendant appeared before the Grand Jury the prosecutor informed him of his constitutional rights. The defendant's testimony indicates that he did not fully understand his rights. Yet after further explanation by the prosecutor, he executed a paper that purported to be a waiver of immunity.
The following examination by the prosecutor occurred immediately after the defendant Rosania was sworn:
"Q. Mr. Rosania, my name is Richard McGlynn. I am an assistant prosecutor in Essex County. There is a matter presently before this body in the Grand Jury, an investigation in which no charges have been brought but which charges may be brought subsequently *517 or they may not be brought, it's impossible for us to tell at this stage. I do want to inform you of your rights before this body. You have a right not to answer any questions which may tend to incriminate you. You have the right to seek counsel before you come in here, if you want to do that. You have the right to say absolutely nothing at all in response to any of my questions. You may willingly waive these rights if you indicate that you wish to proceed with the examination, and if you do so, I would ask you to sign the written form indicating that you do so waive those rights. I caution you that anything you say, if you do waive these rights, may be made the basis of a subsequent charge. Do you understand me, sir?
A. Yes, sir.
Q. Do you wish to testify before this body or do you wish to exercise your privilege not to testify?
A. I'm down here, whatever I'm down here for, I will answer whatever questions you ask me, to the best of my ability.
Q. Then you are willing to waive the rights that I have indicated to you?
A. Yes, sir.
Q. Would you please read that form through and if you have any question about it, please let me know.
A. What do they mean when they say I also waive any and all privileges and immunity, what does that mean?
Q. That means that were you to testify in a way here that would be adverse to you, that testimony might be admissible against you in a subsequent criminal proceeding if one is brought. Do you follow me?
A. Maybe I don't understand this.
Q. I don't want you to sign it if you don't understand it.
A. To tell the truth, I don't understand it.
Q. All right.
A. I'm not familiar with this waiving of immunity and privileges and all that stuff there.
Q. Let me go through it again. The essence of this form is that you have a number of rights that you can exercise before this body. You don't have to answer any questions if you don't want to. You have the right to say nothing at all, if you want to say nothing at all. You have the right to consult with a lawyer before you come here to testify, if you have any question that you want to seek your own counsel to have him explain to you. Furthermore, as I said, you have the right to say nothing at all, you don't have to say anything if you don't want to. Now this form indicates that you are willing to waive those rights and the effect of this waiver would be as follows: What you say before this body may be then used by this body should you say something that is not in your own best interest as the basis for a criminal charge against you; furthermore, should you say something that is not in your best interest or that is adverse to you, it might be admissible against you in a subsequent trial were there a trial to be held, if you sign the form.
*518 You have indicated you have no question to that, that you are willing to answer the question and you are willing to run the consequences of what you say being used against you to form the basis of a charge, if you say anything that hurts you or what you say as being used against you at a subsequent trial if what you say hurts you.
A. Oh, I understand. All right."
(Of course, it is interesting to note that that colloquy took place in the presence of the Grand Jury and the statement is made to the witness that, "You have the right to seek counsel before you come in here." He was already there).
Thereafter, the defendant executed the alleged waiver of his rights, immunities, and privileges in the presence of the Grand Jury.
The defendant contends that he was neither advised of his rights nor intelligently waived them, that it is an unconstitutional act per se, to subpoena him when he was a prospective defendant, and that he was denied his right to counsel.
The principles of law and findings of fact governing the disposition of the issues raised by the defendant have been set forth in my opinion in State v. Sarcone, 96 N.J. Super. 501 (Law Div. 1967). There the Court found as a fact that the Grand Jury investigation was ostensibly directed toward the defendant, C. Robert Sarcone, and one or two others. A controlling factor in reaching that conclusion was that the recital in Paragraph 12 of the indictment for conspiracy conclusively demonstrated that at some time before the defendants were subpoenaed the prosecutor was informed that a conspiracy might have occurred and that C. Robert Sarcone and Arthur Rosania were probably two of the conspirators. Therefore, unless the defendant in the instant case was effectively advised of his constitutional rights and intelligently waived those rights, the indictments must be dismissed. State v. Fary, 19 N.J. 431, 437-438 (1955); State v. Sibilia, 88 N.J. Super 546, 548 (Cty. Ct. 1965); State v. Sarcone, supra.
*519 In State v. Sarcone, supra, the Court held that a witness who is a prospective defendant at a Grand Jury investigation must be apprised of the nature of that body's inquiry in addition to being informed of his constitutional rights. The underlying rationale of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) guided this Court in deciding Sarcone.
Up until the time the defendant executed the purported waiver of immunity, he was not informed of the subject matter of the Grand Jury's investigation.
The defendant was a layman. On several separate occasions the defendant told the assistant prosecutor and the Grand Jury that he did not understand his rights, that he did not know what was meant by a waiver of any and all privileges and immunities, and that he was not familiar with the waiving of such privileges and immunities.
He could not understand his rights unless he generally knew the subject matter of the questions to be put to him. In no way could the defendant be expected to understand whether during the investigation he would be called upon to answer incriminating questions and whether to assert his Fifth Amendment privilege. Certainly if a lawyer cannot effectively waive his constitutional rights when he has no knowledge of the nature of the investigation, State v. Sarcone, supra, a lay defendant can less be expected to understand those rights in the absence of such knowledge.
Therefore, since the defendant was not effectively advised of his constitutional rights and since the defendant was not effectively advised of the nature of the investigation, the motion is granted to dismiss the indictments against him. It is not necessary for me to now decide the other issues raised in the defendant's brief.