210 So.2d 197 (1968)
STATE of Florida ex rel. Cecil F. Lowe, Petitioner,
v.
Warren A. NELSON, As Judge of the Criminal Court of Record, Duval County, Florida, Respondent.
No. 36735.
Supreme Court of Florida.
April 24, 1968.
Rehearing Denied June 4, 1968.
Walter G. Arnold, Jacksonville, for petitioner.
Earl Faircloth, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for respondent.
PER CURIAM.
The writ of certiorari has issued in this cause pursuant to certificate of the District Court of Appeal, 1st District, under Article V, Section 4, of the Florida Constitution, F.S.A. and Rule 4.5, subd. c, Florida Appellate Rules, 32 F.S.A.
The views expressed and the conclusion reached by the majority in the very able and thorough opinion of the appellate court, 202 So.2d 232, are in our opinion correct. *198 That opinion, and the judgment denying writ of prohibition against prosecution of petitioner for grand larceny in the Criminal Court of Record of Duval County, should accordingly be adopted as the opinion and judgment of this Court.
It is so ordered.
CALDWELL, C.J., and THOMAS, DREW and THORNAL, JJ., concur.
ERVIN, J., concurs specially with opinion.
ROBERTS and ADAMS, JJ., dissent.
ERVIN, Justice (specially concurring in the denial of certiorari):
The mandate of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is applicable to a custodial interrogation conducted pursuant to a grand jury investigation of suspected criminal activities. A properly constructed adversary system of criminal justice must contain safeguards against overzealous official attempts to compel evidence from the mouth of a person who stands "accused" of criminal activities, whether in a police or prosecuting attorney or grand jury interrogation. Miranda v. State of Arizona was designed to superimpose safeguards upon the state systems of criminal justice which would function in all custodial interrogations.
In the instant case, it appears that Petitioner was subpoenaed before the grand jury not as an ordinary witness but as a target of the investigation being conducted. Accordingly, the critical stage of due process was reached when the Petitioner virtually stood as a person accused before the grand jury and under the Miranda mandate he was entitled to the mantle of protection afforded thereby. In the event of a failure to apply the Miranda requirements, the rule is that the state may not introduce statements secured as a product of the custodial interrogation of the accused.
Because the state is prosecuting him for an offense concerning which he was questioned before the grand jury, Petitioner contends the state's failure to adhere to the Miranda safeguards when it obtained his waiver of immunity from prosecution preliminary to his testimony before the grand jury immunizes him completely from prosecution for such offense. The Petitioner has failed to properly distinguish the restraints and safeguards of Miranda and the immunity secured by Section 932.29, Florida Statutes, F.S.A.
Briefly stated, Section 932.29 provides that a person compelled to give testimony concerning certain designated crimes is forever immune from prosecution for criminal activities concerning or related to the compelled testimony. See State ex rel. Mitchell v. Kelly, 71 So.2d 887 (Fla. 1954). The statute in essence supplants the constitutional privilege against self-incrimination by immunizing the witness from prosecution. The obvious purpose of the statute is to permit state prosecuting officials to obtain evidence which might otherwise be denied to them by the witness' exercise of the privilege against self-incrimination. See Lewis v. State, 155 So.2d 841 (2d DCA Fla. 1963).
In the instant case, the record reveals that Petitioner executed a written waiver relinquishing the immunity granted by the statute. It appears that under the existing law of this state the voluntary nature of this waiver as evidenced by the record determines the extent of the effectiveness of such waiver so far as relinquishment of Petitioner's statutory right of immunity is concerned. The offer of counsel and other Miranda requirements were not critical prerequisites to the execution of a valid waiver of the statutory right of immunity. The Miranda safeguards embrace only the Fifth Amendment privilege against self-incrimination and are not applicable to any statutory substitute of the privilege. Once it appears that the statutory substitute of immunity is intelligently relinquished, Petitioner is relegated *199 to the protection afforded by the constitutional privilege itself and it is at this point that the Miranda safeguards become operative. Accordingly, the failure to observe the Miranda requirements in the instant case does not restore Petitioner's statutory right of immunity which was duly waived but, if he timely objects, Miranda may preclude the state from making use at his trial of any statements elicited from him by the interrogation conducted by the grand jury. In the present case, it may well be that the state has evidence of Petitioner's alleged criminal activities  perhaps from a source other than the mouth of the Petitioner  which is not tainted by violation of the Miranda safeguards. If this be the case, such evidence is admissible in a proceeding brought to secure conviction of Petitioner.
In summary, statutory immunity from prosecution and an intelligent waiver thereof are in a separate category from Miranda requirements. There is complete dichotomy between the two. Here, the Petitioner intelligently waived his statutory immunity from prosecution. The state was then free to prosecute Petitioner as if he had never appeared before the grand jury, but at the trial the Petitioner is entitled to the benefit of all rules relating to trial evidence and due process, including Miranda. Therefore, at trial in the prosecution of Petitioner, if it appears incriminating testimony was taken from him in the grand jury room and such testimony is sought to be introduced, it may be found inadmissible on timely objection if Miranda requirements were not complied with as a predicate to taking such testimony. Petitioner was entitled to the Miranda warnings if he became the criminal target of the grand jury interrogation. He also should have been advised of his right to counsel to represent him and, if not intelligently declined, he should have had counsel beside him in the grand jury room to advise him when he testified.
For the reasons stated, I see no justification for prohibiting prosecution of the Petitioner and accordingly would affirm the judgment denying the rule nisi.