William Oscar MATTOX, Jr., Petitioner,

v.

Dale CARSON, as Sheriff of Duval County, Florida, Respondent.
Cecil Frederick LOWE, Petitioner,

v.

Dale CARSON, as Sheriff of Duval County, Florida, Respondent.

Nos. 68-370, 68-371-Civ.-J.

United States District Court
M. D. Florida,
Jacksonville Division.
Jan. 10, 1969.

Walter G. Arnold, Jacksonville, Fla., for petitioners.

Earl Faircloth, Atty. Gen., and David N. Tumin, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

## ORDER GRANTING PETITION FOR HABEAS CORPUS

SCOTT, District Judge:

This cause came on for hearing on petition for habeas corpus by William Oscar Mattox, Jr., and Cecil Frederick Lowe, pursuant to 28 U.S.C.A. § 2254, attacking the legality of petitioners' custody. The facts in both cases are identical except for the testimony given by each petitioner before the Duval County Grand Jury, which is the same in substance. Therefore, except for minor variances, the two petitioners for writs of habeas corpus are the same.

Subsequent to their release on bond in State Court and at the time these petitions for habeas corpus were filed, petitioners were confined by Dale Carson, as Sheriff of Duval County, Florida, in the Duval County Jail, Jacksonville, Florida, under separate informations for grand larceny pending against each of them as defendants in the Criminal Court of Record of Duval County, Florida, Division C. Pending final judgment in this cause, this Court entered an order pursuant to Title 28, U.S.C.A., § 2251, staying the proceedings in the Criminal Court of Record of Duval County, Florida, and petitioners were then released on bond in this Court.

After the filing of said informations against them in the Criminal Court of Record, petitioners filed sworn motions to quash in the Criminal Court of Record on the grounds that they were compelled to testify before the Grand Jury of Duval County, Florida, on July 14, 1966, when they were potential defendants to the charges then being investigated by the Grand Jury, and that the alleged waivers of their constitutional privileges and their immunity under Section 932.-29, Florida Statutes, F.S.A., were null and void since the waivers were executed without the advice of counsel and the required warnings of their constitutional privileges were not given to them. The State of Florida admitted all the facts in said motions to quash by filing demurrers thereto.

On November 18, 1966, the Criminal Court of Record entered orders sustaining the State's demurrers to the petitioners' motions to quash the informations. Afterwards, petitioners filed suggestions for writs of prohibition in the First District Court of Appeal of Florida, alleging that the Criminal Court of Record

of Duval County lacked jurisdiction to try petitioners and that for the State of Florida to continue prosecuting petitioners was a violation of their rights guaranteed to them by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Petitioners' suggestions for prohibition were denied by the First District Court of Appeal of Florida. State ex. rel. Mattox v. Layton, 202 So.2d 206 (Fla.App.1967); State ex. rel. Lowe v. Nelson, 202 So.2d 232 (Fla. App.1967). Petitioners then filed petitions for writs of certiorari to the Supreme Court of Florida, which Court issued writs of certiorari to the First District Court of Appeal of Florida and subsequently affirmed the latter Court's decisions. State ex. rel. Mattox v. Layton, 210 So.2d 199 (1968); State ex. rel. Lowe v. Nelson, 210 So.2d 197 (1968). Petitions for rehearing were denied by the Supreme Court of Florida on June 4, 1968.

Petitioners allege that their custody is unlawful and illegal and contrary to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution based upon the grounds and facts set forth below.

The Spring Term of the Grand Jury of Duval County, Florida, conducted an investigation, inquiry and proceeding into the larcenies of moneys and other personal items from the City of Jacksonville, a municipality, in connection with the fraudulent acquisition of personal items of merchandise from the Harry Finkelstein Company, Jacksonville, Florida, for the personal use of certain individuals, which merchandise was then paid for through the City Recreation Department of the City of Jacksonville. Prior to July 13, 1966, this Grand Jury had heard many witnesses' testimony and had adduced before it many documents in reference to said larcenies. On that day petitioners were definite suspects and potential defendants of the larcenies then being investigated by the Grand Jury and were so considered by the said Grand Jury and the State Attorney of the Fourth Judicial Circuit of Florida in and for Duval County, Florida, by reason of the evidence previously adduced and heard by the Grand Jury.[1] The Grand Jury then ordered and caused to be issued by the Clerk of the Circuit Court of Duval County, Florida, witness subpoenas requiring petitioners to appear before the Grand Jury to testify. Petitioners were each administered the oath and interrogated in reference to the larcenies from the City of Jacksonville. Their testimony disclosed information relevant and material to the transactions forming the basis of the charges of grand larceny subsequently charged in the informations.

While petitioners were in the Grand Jury Room, the State Attorney for the Fourth Judicial Circuit handed to petitioners and requested them to sign a written waiver of the immunity to which petitioners would be entitled under Section 932.29, Florida Statutes, F.S.A., in lieu of the constitutional privilege to remain silent and not incriminate themselves under the Constitution of the United States of America.[2]

1. See the transcripts of record filed in the First District Court of Appeal of Florida in the *Mattox* and *Lowe* cases, supra, p. 16–20 of transcripts.

2. Section 932.29, Florida Statutes, F.S.A., reads as follows:
"No person shall be excused from attending and testifying, or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spiritous, vinous or malt liquors, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding".

After petitioners went before the Grand Jury the State Attorney requested that the waivers of immunity be signed. Petitioners had not consulted with a lawyer prior to or during their appearances before the Grand Jury, nor had they been advised that they had a right under the United States Constitution or Section 932.29, Florida Statutes, F.S.A., to consult with a lawyer. Petitioners had not been advised about the waiver of any such rights and privileges in reference to their testimony before the Grand Jury. They were not advised that if they did not have the financial ability or resources to employ an attorney that an attorney would be appointed to advise and represent them before and during such interrogation. Petitioners were not advised that they had a right to remain silent under the United States Constitution unless the immunities and privileges under Section 932.29, Florida Statutes, F.S.A., were accorded them; and that if they did not remain silent anything that they said might be and could be used against them, either then or in a subsequent proceeding. Petitioners were not advised that they had the right to exercise any of these rights and privileges at any time during the interrogation or that they were definite suspects and potential defendants to the charges of grand larceny then being investigated by the Grand Jury.

In the absence of any warnings or explanations of their rights and privileges under the United States Constitution, petitioners signed the waivers of immunity before the Grand Jury without the advice of counsel.

Federal jurisdiction in these cases is sought under 28 U.S.C. § 2254 because of the alleged violation by the State of Florida of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. Respondent contends that this Court lacks jurisdiction to entertain the present petitions under 28 U.S.C. § 2254, since petitioners are not held pursuant to any State Court *judgment* as required to properly confer jurisdiction on this Court. Respondent contends that petitioners' claim for relief is premature, pointing out that petitioners are each in custody merely by operation of a capias for arrest issued pursuant to Section 932.48, Florida Statutes, F.S.A.

██ Section 2254, U.S.C., Title 28, uses the term "judgment" not "final judgment". Quite obviously the Supreme Court of Florida, by affirming the decision of the First District Court of Appeal on certiorari, has entered its judgment denying the petitioners immunity and holding them for trial. To hold that a "final judgment" is a prerequisite to habeas relief would require petitioners to stand trial. This would be a direct violation of Section 932.29, Florida Statutes, F.S.A., which specifically grants immunity from prosecution. Such a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offense to which the incriminating questions related. Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892); Cf. Albertson v. Subversive Activities Control Bd., 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965). Under the principles of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the habeas corpus jurisdictional prerequisite is not the judgment of a State Court but "detention simpliciter". The Supreme Court in Fay v. Noia, stated:

> "The entire course of decisions in [the Supreme Court of the United States] elaborating the rule of exhaustion of state remedies is wholly incompatible with the proposition that a state court *judgment* is required to confer federal habeas jurisdiction. * * * Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined the federal court has the power to release him." *Fay,* supra, at 430, 83 S.Ct. at 844.

This language has not been altered by the amendment of § 2254 on November 2, 1966. White v. Swenson, 261 F.Supp. 42 (W.D.Mo.1966). The existence of a "judgment" is not a vital ingredient for

Federal habeas jurisdiction. See Falgout v. Trujillo, 270 F.Supp. 685 (D.Colo. 1966), aff'd 380 F.2d 376 (10th Cir. 1967); Plummer v. State, 262 F.Supp. 1021, 1023 (E.D.La.1967); Foster v. Gilbert, 264 F.Supp. 209 (S.D.Fla.1967).

■ Contrary to respondent's contentions, the petitions for habeas corpus are not premature and this Court has jurisdiction to determine the issues raised by petitioners. The jurisdictional prerequisite is not a judgment of a State Court but, rather, detention itself.

Respondent does not deny that petitioners have exhausted their remedies. Neither does he deny that the actual merits involve Federal rights controlled by Federal law. Therefore, we proceed to the merits.

The sole question before this Court is whether or not the principles and safeguards announced in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), are applicable to a suspect and potential defendant who is required by a witness subpoena to appear before a State Grand Jury which is investigating the witness' alleged crimes where the State has an immunity statute which is applicable to the Grand Jury proceedings.

The First District Court of Appeal of Florida recognized in its opinion that this Federal question was the only point involved when it stated:

"The record before us indicates that no statements were made to the relator to the effect that he had a right to counsel, retained or appointed, before he executed the waiver and responded to questions put to him by the Grand Jury. If Miranda is applicable here, then that single omission would be sufficient to make out the relator's case". State ex. rel. Lowe, supra, at 234.

The Supreme Court of Florida adopted this opinion in State ex. rel. Lowe v. Nelson, 210 So.2d 197 (1968).

It is argued by the respondent that the principles of *Miranda* are not applicable here because a Grand Jury proceeding is not a critical stage of prosecution. While it is true that only probable cause was being determined, and that an information could have been filed regardless of whether an indictment was returned, petitioners were the targets of investigation and were definite suspects of the alleged larcenies.[3] Incriminating statements made during the Grand Jury questioning could be used against the defendants at the trial. A confession of guilt made in the secrecy of a Grand Jury room would affect the whole trial.

The Supreme Court of the United States has already recognized that a Grand Jury proceeding can be a critical stage of a trial. See Hamilton v. Alabama, 368 U.S. 52, 54, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); Messiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). According to Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), the accused must be permitted to consult with his lawyer when the process has shifted from "investigatory to accusatory". *Escobedo*, supra, at 492, 84 S.Ct. 1758, 1765. For this Court to deprive petitioners of the constitutional right to consult with counsel until after the Grand Jury proceedings would be tantamount to rendering worthless their Six Amendment right "to have the assistance of counsel for [their] defense".

Respondent maintains that the contention raised by petitioners as to their right to be advised by counsel is not appropriate since there was no "custodial interrogation" as contemplated by *Miranda*. However, the language of *Miranda* clearly shows that its principles are not confined to police station interrogation. Under that decision,

---

3. The State did not traverse any of the allegations contained in petitioners' motions to quash. Instead, the State filed a demurrer to these motions, admitting as true the allegations contained therein. See Wilson v. State, 134 Fla. 390, 184 So. 31 (1938).

"the Fifth Amendment privilege is available outside of criminal court proceedings and serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves. * * * Moreover, this warning may serve to make the individual more acutely aware that he is faced with a phase of the adversary system—that he is not in the presence of persons acting solely in his interest". *Miranda,* supra, at 467, 469, 86 S.Ct. 1602, at 1625.

In *Miranda,* custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way". *Miranda,* supra, at 444, 86 S.Ct., at 1612.

Several Courts have held that interrogation of a suspect under circumstances similar to those under which petitioners were each interrogated was "in custody interrogation". See State v. Ruggeri, 19 Utah 2d 216, 429 P.2d 969 (1967); State v. Sarcone, 96 N.J.Super. 501, 233 A.2d 406 (1967); State v. Rosania, 96 N.J. Super. 515, 233 A.2d 413 (N.J.1967); People v. Arnold, 66 Cal.2d 438, 426 P.2d 515, 58 Cal.Rptr. 115 (Cal.1967); People v. Reason, 52 Misc.2d 425, 276 N.Y. S.2d 196 (1966); Commonwealth v. Jefferson, 423 Pa. 541, 226 A.2d 765 (1967).

Respondent complains that if the *Miranda* warnings are applicable to petitioners before the Grand Jury proceedings, then petitioners would be entitled to the presence of counsel before these hearings which would be contrary to Section 905.17, Florida Statutes, F.S.A., since that statute prohibits counsel from being present in the Grand Jury room. However, we are not determining petitioners' rights to the presence of counsel before the State Grand Jury. The determination before this Court is limited to whether petitioners were entitled to

the Miranda warnings and thus the right to be advised by counsel and to confer with counsel before being asked to execute the waivers.

It is clear that the Grand Jury proceedings were investigatory proceedings for the alleged violation of a Florida statute against larceny.[4] Producing evidence before a Grand Jury in reference to the crime of larceny immunizes the witness under Section 932.29, Florida Statutes, 1965, F.S.A. State ex. rel. Byer v. Willard, 54 So.2d 179, 182 (Fla. 1951); State ex rel. Johnson v. MacMillan, 194 So.2d 627, 635 (Fla.App.1967).

Under Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), the Fifth Amendment is made applicable to the State under the Fourteenth Amendment. Since the immunity provided by Section 932.29, Florida Statutes, F.S.A., stands in the stead of the Fifth Amendment privileges against self-incrimination, and gives the same protection to citizens, it should be construed as liberally as the Fifth Amendment. See *Counselman,* supra, at 562, 563, 12 S.Ct. 195; Stevens v. Marks, 383 U.S. 234, 86 S.Ct. 788, 15 L.Ed.2d 724 (1966); Florida State Board of Architecture v. Seymour, 62 So.2d 1, 3 (Fla. 1952); Ex parte Senior, 37 Fla. 1, 19 So. 652, 654, 32 A.L.R. 133 (1896); State ex rel. Reynolds v. Newell, 102 So. 2d 613, 616 (Fla.1958). It follows, therefore, that the same requirements which are necessary to constitute a valid waiver of the constitutional right against self-incrimination are required to waive immunity under Section 932.29, Florida Statutes, F.S.A. Accordingly, we think that the *Miranda* warnings are applicable where the immunity statute is involved and parties are subpoenaed before a State Grand Jury to testify as potential defendants for the crime of larceny. In the absence of a valid waiver petitioners were immunized under Section 932.29, Florida Statutes, F.S.A., by giving their testimony before the Duval County

---

4. See the transcript of record in State ex. rel. Mattox v. Layton, supra, pp. 32–62 of transcript, and the transcript of record in State ex rel. Lowe v. Nelson, supra, pp. 32–69 of transcript.

Grand Jury, and they could not be prosecuted for the offenses for which they were indicted.

■ Petitioners contend that their written waivers were invalid because the State failed to give them any warnings of their constitutional privileges and rights under Section 932.29, Florida Statutes, F.S.A. The First District Court of Appeal found that petitioners' waivers of immunity were valid and that no factual coercion was present. However, from a careful reading of *Miranda,* supra, it is apparent that the *Miranda* warnings are a pre-requisite to any in-custody interrogation. *Miranda,* supra, at 471, 478, 86 S.Ct. 1602, at 1626, 1630. In the absence of these warnings we think that the waivers were invalid irregardless of any showing of coercion or intimidation by petitioners.

In *Miranda,* supra, and *Escobedo,* supra, no immunity statute was involved. The Supreme Court of the United States in each case suppressed the illegal admissions and reversed for new trials. When an immunity statute is involved the matter is more than evidentiary. Where there has been no valid waiver of the immunity statute, the defendants must be dismissed from further prosecution. See State ex rel. Mitchell v. Kelly, 71 So.2d 887 (Fla.1954); State ex rel. Byer v. Willard, 54 So.2d 179 (Fla.1951). Cf. People v. Straehle, 53 Misc.2d 512, 279 N.Y.S.2d 115 (1967); State v. Milam, 210 Miss. 13, 48 So.2d 594, 49 So.2d 806 (1950). In addition, the following language appears in *Miranda*:

> "*After* such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer question or make a statement. *But unless and until* such warnings and waivers are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him". *Miranda,* supra, at 478, 86 S.Ct. 1602, at 1630. (emphasis supplied)

Under the immunity statute, Section 932.29, Florida Statutes, F.S.A., petitioners are released from custody and free from any further criminal prosecution on the charges of grand larceny.

It is so ordered and final judgment shall issue in accordance with this opinion.