424 F.2d 202
 William Oscar MATTOX, Jr., Petitioner-Appellee,
v.
Dale CARSON, as Sheriff of Duval County, Florida,
Respondent-Appellant.
Cecil Frederick LOWE, Petitioner-Appellee,
v.
Dale CARSON, as Sheriff of Duval County, Florida,
Respondent-Appellant.
 Nos. 27376, 27386.
 United States Court of Appeals, Fifth Circuit.
 March 25, 1970, Rehearing Denied and Rehearing En Banc
Denied May 6, 1970.
 
 T. Edward Austin, State's Atty., Fourth Judicial Circuit of Fla., Ralph W. Nimmons, Jr., Asst. State's Atty., David U. Tumin, Asst. Gen. Counsel, Jacksonville, Fla., for appellant.
 Walter G. Arnold, Rutledge R. Liles, Jacksonville, Fla., for petitioners-appellees, William Oscar Mattox, Jr., and Cecil Frederick Lowe.
 Before TUTTLE, WISDOM and BELL, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 In these two cases, consolidated for opinion purposes, the sheriff of Duval County, Florida appeals from judgments of the district court discharging appellees Mattox and Lowe, pursuant to petitions for habeas corpus, from custody. We reverse.
 
 
 2
 Appellees were Jacksonville City Councilmen. The situation giving rise to these proceedings stems from an investigation by the Duval County Grand Jury regarding larceny from the City of Jacksonville through the medium of purchases by appellees from a merchant with payments for the items purchased having allegedly been made out of the funds of the Recreation Department of the city.
 
 
 3
 Appellees were called to testify before the Grand Jury in July of 1966. At the time the Grand Jury had heard from many witnesses and, in the view of the district court, because of the earlier Grand Jury proceedings, appellees were 'definite suspects and potential defendants' to the charge of larceny then being investigated. In these circumstances, the Grand Jury was unwilling to allow appellees to take advantage of the Florida Immunity statute,[1] which would normally immunize from prosecution those subpoenaed to testify, as appellees had been, in a larceny investigation. State ex rel. Mitchell v. Kelley, Fla.1954, 71 So.2d 887, 895. Because of this unwillingness, the state attorney requested Mattox and Lowe, in their separate appearances, to sign written waivers of immunity. They acceded to the request and their subsequent testimony disclosed information which the district court found to be 'relevant and material to the transactions forming the basis of the charges of grand larceny.'
 
 
 4
 At the close of the Grand Jury investigations, separate informations for grand larceny were filed against appellees in the state criminal court. They immediately moved to quash the informations on the ground that the waivers of immunity were invalid. This contention rested on the argument that the waivers were executed without the advice of counsel and without warning as to their Fifth Amendment rights, all in violation of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and also that the waivers were otherwise not knowingly and voluntarily made. The motions were overruled. Appellees then sought writs of prohibition against their prosecution on the same ground. They were again unsuccessful. State ex rel. Lowe v. Nelson, Fla.App., 1967, 202 So.2d 232; State ex rel. Mattox v. Layton, Fla.App., 1967, 202 So.2d 206. These decisions were affirmed by the Florida Supreme Court. State ex rel. Lowe v. Nelson, Fla., 1968, 210 So.2d 197; State ex rel. Mattox v. Layton, Fla., 1968, 210 So.2d 199. The procedure followed by appellees in the Florida courts, in effect a pretrial appeal in criminal cases, is permissible under the Florida practice. We treat these proceedings as the exhaustion of state remedies insofar as the immunity question is concerned.
 
 
 5
 After the failure of these state court efforts, appellees were confined in the Duval County jail pending arraignment and trial on the grand larceny charges. The petitions for writs of habeas corpus which are the subject of these appeals were then filed. They contended, in sum, as they had in the state courts, that the waivers of immunity under F.S.A. 932.29, supra, were invalid.
 
 
 6
 The district court viewed the matter in light of the requirements of Miranda v. Arizona, supra, and whether they are applicable to a potential defendant subpoenaed to testify before a Grand Jury. The court then concluded that the Grand Jury investigation was indeed a 'custodial interrogation' as contemplated by Miranda, and since it was undisputed that the petitioners were not given the Miranda warnings, the district court reasoned that the immunity waivers were invalid. Thus, Mattox and Lowe were ordered released from custody and rendered immune from any future prosecution on the charges of grand larceny.
 
 
 7
 We hold that the district court committed error in so ruling. Assuming arguendo that Miranda would apply to a Grand Jury investigation, and we expressly pretermit the question, Miranda does not have the scope given it by the district court. Miranda is directed to incriminating evidence, here such evidence as was adduced from appellees before the Grand Jury or the fruits thereof. In such event, and if Miranda applies, the failure to give the required warnings would not result in a complete dismissal of the information against appellees. The remedy in such a case lies in the exclusionary rule, not in a pretrial federal habeas corpus proceeding. Cf. United States v. Blue, 1966, 384 U.S. 251, 255-256, 86 S.Ct. 1416, 16 L.Ed.2d 510. If appellees were subjected to a 'custodial interrogation' as contemplated by Miranda, then the failure to warn them of the constitutional rights due under Miranda should be urged in the state court trials as a bar to the admission of any evidence, or fruits thereof, gained during the interrogations. Miranda does not authorize a complete dismissal of the criminal charges by reinstating the immunity rights of appellees.
 
 
 8
 If the question presented is considered under the test of Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, that a waiver of a federal constitutional right must be knowingly and voluntarily made, appellees fare no better. There again the relief, as will be seen, would come in the form of asserting the exclusionary rule in the state trials.
 
 
 9
 The federal right here is to be found in the Fifth Amendment privilege against self-incrimination as it relates to the Florida Immunity statute. The Florida right of immunity which prevents prosecution altogether exceeds the scope of the Fifth Amendment privilege. The federal right which may be asserted in a federal habeas court is limited by the outer limits of the Fifth Amendment privilege. These outer limits for the purposes of this case are found in Gardner v. Broderick, 1968, 392 U.S. 273, 276, 88 S.Ct. 1913, 1915, 20 L.Ed.2d 1082, where the court said:
 
 
 10
 '* * * The privilege may be waived in appropriate circumstances if the waiver is knowingly and voluntarily made. Answers may be compelled regardless of the privilege if there is immunity from federal and state use of the compelled testimony or its fruits in connection with a criminal prosecution against the person testifying. Counselman v. Hitchcock, supra, 142 U.S. (547) at 585-586, 12 S.Ct. (195) at 206-207, 35 L.Ed. 1110, at 1122; Murphy v. Waterfront Commission, supra, 378 U.S. (52) at 79, 84 S.Ct. (1594) at 1609, (12) L.Ed.2d 653, at 695).'[2]
 
 
 11
 It is thus clear that a federal habeas corpus court must leave such federal questions as may possibly arise under the Fifth Amendment aspect of the Florida Immunity statute to the state trial courts under the exclusionary rule. This includes questions as to the validity of the waivers.
 
 
 12
 Reversed with direction to dismiss the petitions for habeas corpus.
 
 
 13
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 PER CURIAM:
 
 14
 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 [1]
 Fla.Stat.Ann. 932.29:
 No person shall be excused from attending and testifying, or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spirituous, vinous or malt liquors, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.
 
 
 [2]
 This dictum, as to the privilege in immunity situations being vouchsafed by the exclusionary rule, is contrary to the dictum in Counselman v. Hitchcock, 1892, 142 U.S. at 585-586, 36 L.Ed. at 1122, that the privilege under immunity statutes, must be supplanted by absolute immunity from prosecution. For the ratio decidendi of Counselman v. Hitchcock, see the fact recitals. 142 U.S. at 564-565, 12 S.Ct. 195. Cf. Murphy v. Waterfront Commission of New York, 1964, 378 U.S. 52, 78-80, 84 S.Ct. 1594, 12 L.Ed.2d 678. See also Byers v. Justice Ct. for Ukiah Judicial District of Mendocino City, 80 Cal.Rptr. 553, 458 P.2d 465 Calif.Sup.Ct., September 16, 1969; and Zicarelli v. New Jersey State Comm. of Investigation, 55 N.J. 249, 261 A.2d 129, January 20, 1970