John J. McCall, J.
The defendant here moves to dismiss four indictments found against him by the April, 1970 Grand Jury of the County Court of Albany County. It appears that for several months late in 1970 and early in 1971, said jury was conducting an inquiry into the purchasing practices of the City and County of Albany and in the course of that investigation, issued a subpoena ad testificandum and a subpoena duces tecum to this defendant. The latter required the defendant to produce before the jury all cash receipts and disbursements ledgers, purchasing vouchers, journals, general ledgers, all pay records, including employee’s time and attendance records, all property inventory records, all bills and invoices, bank statements and canceled checks, motor vehicle dispatching records relating to transactions occurring between November 1, 1967 and March 30, 1970. It appeared that he was being investigated as one who had done business with the City of Albany during the aforementioned period. The subpoenas were returnable March 10, 1970, the defendant appeared with his records and the matter was adjourned until March 17. On that day he was asked to sign a waiver of immunity and refused. He was then taken before the Grand Jury, testified and turned over to the Grand Jury, pursuant to the subpoena and its direction, all his records. Subsequently he was indicted for grand larceny in that he was charged with stealing money by filing false claims for contract work with the City of Albany and likewise indicted for knowingly offering for filing false instruments to the Comptroller of the City of Albany. All charges were related to the matters concerning which he testified and which were in the surrendered records.
A Grand Jury investigating contracting practices for evidence of crime certainly had to consider one of the contracting parties as a“ target ” or indeed a prospective defendant. The law of this State involved in this situation is clearly set forth in People v. Steuding (6 N Y 2d 214). The Court of Appeals in its opening sentence said ‘ ‘ By virtue of the Constitution of this State (art. I, § 6) — and it is solely the Constitution of New York with which we are now concerned — a prospective defendant or one who is a target of investigation may not be called and examined before a Grand Jury and, if he is, his constitutionally- *220 conferred privilege against self incrimination is deemed violated even though he does not claim or assert the privilege. * * * An automatic result of the violation of the constitutional privilege is that the defendant is protected not only from indictment based on any incriminating testimony which he has given, but also from use of such' evidence Later the court said a violation of the constitutional privilege carries with it a dismissal of the indictment returned by the Grand Jury before whom the defendant testified.
Again in People v. Laino (10 N Y 2d 161) the principle was reaffirmed. The defendant then was a prospective defendant and he was subpoenaed with his books and records. The Grand Jury was investigating bidding practices in the City of Utica. Defendant appeared, claimed his privilege, told he was not a defendant, but answered all questions and submitted his books not interposing the privilege. He was indicted for income tax evasion. The court said on the record he was a prospective defendant and held (p. 172) “ The violation of the privilege occurred when the testimony and records were given under compulsion of supoena ”. The indictment for a crime not connected with the subject of the investigation was dismissed. Here it appears the subpoena duces tecum has the same compelling force as the subpoena ad testificandum and its use constitutes the gathering of testimony in violation of the privilege.
From all of the foregoing it appears these indictments must be dismissed for this defendant is a Steuding defendant. By the method adopted the People were procuring indictments that had to be void ab initio and subject to successful attack for dismissal at any time subsequent to their return.
All indictments are dismissed and all records are to be returned to the defendant, for they are invalid for any use whatsoever against this defendant.