THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
VICTOR VINEGRA, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 18, 1975—Decided May 28, 1975.

434

Before Judges CARTON, CRANE and KOLE.

*Mr. Elson P. Kendall,* Assistant Prosecutor, argued the cause on behalf of appellant (*Mr. Karl Asch,* Union County Prosecutor, attorney).

*Mr. Michael D. Schottland* argued the cause on behalf of respondent (*Messrs. Chamlin, Schottland & Rosen,* attorneys; *Mr. Thomas W. Cavanagh, Jr.,* on the brief).

The opinion of the court was delivered by
CRANE, J. A. D. The issue to be resolved in this case is whether the trial judge properly dismissed the first seven counts of the indictment against defendant on the ground that his Fifth Amendment rights were violated by his being interrogated before the grand jury which indicted him.

The information which led to defendant's indictment first came to light during the course of a civil trial in the Law Division in Union County. The litigation concerned a claim for work and materials allegedly furnished in connection with a road and sewer project in the City of Elizabeth. During the trial Victor Vinegra, the Assistant City Engineer for the City of Elizabeth, was called as a witness. After the completion of his direct testimony one of the attorneys informed the trial judge in chambers that an officer of one of the defendant corporations had been asked by Vinegra for a political contribution of $500 prior to the start of the construction work on the project and that the officer had given Vinegra the money. The trial judge immediately informed the prosecutor, who joined the discussion in the judge's chambers.

On the following day Vinegra was called before the grand jury then sitting in the county. Prior to his giving testimony he was told that penalties for perjury or obstruction of justice would be invoked for failure to give complete and truthful testimony. He was not warned, however, that anything he said might be used against him, nor was he advised of his privilege against self-incrimination or of his right to counsel. Vinegra was questioned about his role in the road and sewer project. He was asked whether he had recommended a contractor for the project, whether he made personal inspections of the project, how often he visited the project site, whether additional stone was used on the project, the methods of financing the project and the procedures for paying the contractors. He was also asked to explain his supervision of the record keeping for the stones delivered and the $500 political contribution. Vinegra appeared before the grand jury on three subsequent occasions. Ultimately a nine-count indictment was returned by the grand jury charging defendant Vinegra individually with two counts of misconduct in office and one of false swearing. Together with one Harry E. Allen he was charged with three counts of conspiracy, one count of false pretenses and one count of attempted false pretenses. The ninth count charged Allen with false swearing.

On motion of defendant Vinegra to dismiss the trial judge made findings of fact. He found that *de facto* criminal charges had been made against Vinegra, that the grand jury was conducting an investigation directed against him and that calling him as a witness was a ruse to induce him to give evidence against himself. The judge concluded that Vinegra was a target of the grand jury proceedings and that the failure to inform him of the scope of the investigation and the failure to warn him of his privilege against self-incrimination required a dismissal as to Vinegra of all counts of the indictment in which he was named as a defendant except the eighth count charging him with false swearing. The trial judge relied essentially on the dictum in *State v. Fary*,

19 *N. J.* 431, 437–438 (1955); *State v. Sarcone,* 96 *N. J. Super.* 501 (Law Div. 1967), and *State v. Rosania,* 96 *N. J. Super.* 515 (Law Div. 1967). *State v. Sibilia,* 88 *N. J. Super.* 546 (Law Div. 1965), is to the same effect although it was not cited by the trial judge.

The State filed a notice of appeal from the order of dismissal. Although no motion to dismiss the State's appeal was made, we note that the order dismissing some, but not all, of the counts against defendant was not a final judgment and was thus not appealable as of right. *R.* 2:3–1. Because of the importance of the issues raised we have determined on our own motion to grant leave to appeal in order to reach the merits. However, we do point out that in instances such as appear here leave to appeal should be sought under *R.* 2: 5–6(a) and application made for a stay of the remaining counts to avoid multiplicitous trials. See *State v. Mullen,* 67 *N. J.* 134 (1975).

Defendant sought leave to appeal from the denial of his motion to dismiss the eighth count charging false swearing. He contended that the public employee immunity statute, *N. J. S. A.* 2A:81–17.2a2, prohibits the prosecution of a public employee who has testified before a grand jury on a charge of false swearing as distinguished from perjury. His motion for leave to appeal was denied. That issue has since been decided adversely to his contention in *State v. Mullen, supra.*

Our review of the record indicates that there was sufficient evidence to justify the factual conclusions of the trial judge that Vinegra was a target of the grand jury investigation; that he was not informed of the scope of the investigation or of his privilege against self-incrimination, and that calling him before the grand jury was a ruse to obtain evidence against him. Accordingly, we shall not disturb them. *State v. Johnson,* 42 *N. J.* 146 (1964).

We disagree, however, with the determination of the trial court that dismissal of the counts of the indictment

other than the one charging false swearing is required. The fundamental principle involved is the privilege against self-incrimination which is set forth in the Fifth Amendment of the United States Constitution and, although not embodied in our Constitution, has long been recognized in New Jersey. *State v. Fary, supra,* 19 *N. J.* at 434. The Supreme Court in *Fary* apparently assumed that failure to warn a target witness of his right to assert the privilege against self-incrimination would necessarily require dismissal of the indictment. 19 *N. J.* at 438. *Sibilia, Sarcone* and *Rosania, supra,* made that same assumption as did the trial judge.

We are not aware of any decision of our Supreme Court or of any decision of the United States Supreme Court which requires us to accede to the result reached below. The target doctrine was discussed in *State v. Williams,* 59 *N. J.* 493, 503 (1971), but it was neither approved nor disapproved. The court found the doctrine inapplicable since Williams was not called before the grand jury which indicted him. Subsequent decisions of the United States Supreme Court have cast doubt upon the validity of the assumption in *Fary*. In *United States v. Blue,* 384 *U. S.* 251, 86 S. Ct. 1416, 16 L. Ed. 2d 510 (1966), the Supreme Court reversed the dismissal of an indictment which was allegedly based on testimony of the defendant obtained in violation of his rights against self-incrimination. The court stated:

> Even if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, Blue would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial.
>
> \*        \*        \*        \*        \*        \*        \*        \*
>
> Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book. [at 255, 86 S. Ct. at 1419]

Recently, in *United States v. Calandra,* 414 *U. S.* 338, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974), it was held that a witness before a grand jury could not refuse to answer questions on the ground that they were based on information obtained from an unlawful search and seizure. The court said that

.The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, *Costello v. United States, supra* [350 *U.' S.* 359, 76 S. Ct. 406, 100 L. Ed. 397] ; *Holt v. United States,* 218 *U. S.* 245, 31 *S. Ct.* 2, 54 *L. Ed.* 1021 (1910) ; or even on the basis of information obtained in violation of the defendant's Fifth Amendment privilege against self-incrimination. *Lawn v. United States,* 355 *U. S.* 339, 78 *S. Ct.* 311, 2 *L. Ed.* 2d 321 (1958). [at 344-345, 94 S. Ct. at 618]

The District of Columbia Court of Appeals was presented with a question similar to that in this case in *United States v. Washington,* 328 *A.* 2d 98 (D. C. Ct. App. 1974). Defendant Washington had been called to testify before a grand jury investigating the theft of a motorcycle found in a van owned by him. Relying on *United States v. Blue, supra,* the Court of Appeals reversed the order of the trial court dismissing the indictment. It did, however, sustain the ruling of the trial court that Washington's testimony could not be used against him because adequate warnings had not been given to him.

We have considered cases decided by courts of other jurisdictions, such as *United States v. Pepe,* 367 *F. Supp.* 1365 (D. Conn. 1973) ; *United States v. Kreps,* 349 *F. Supp.* 1049 (W. D. Wis. 1972), and *People v. Leto,* 70 *Misc.* 2d 218, 334 *N. Y. S.* 2d 303 (Cty. Ct. 1972), aff'd 41 *A. D.* 2d 877, 342 *N. Y. S.* 2d 901 (App. Div. 1973). They do not persuade us. We hold, for the reasons expressed in *United States v. Blue, supra,* that dismissal of the charges contained in the indictment is too drastic a remedy. See also, *In re Zicarelli, Occhipinti, Russo,* 55 *N. J.* 249, 267 (1970),

aff'd 406 *U. S.* 472, 92 S. Ct. 1670, 32 L. Ed. 2d 234 (1972); *State v. Spindel,* 24 *N. J.* 395, 405 (1957). To the extent that *Sarcone, Rosania* and *Sibilia* are inconsistent with our holding they are overruled.

■ Defendant's rights under the Fifth Amendment are adequately protected. *N. J. S. A.* 2A:81–17.2a2 provides as follows:

If any public employee testifies before any court, grand jury or the State Commission of Investigation, such testimony and the evidence derived therefrom shall not be used against such public employee in a subsequent criminal proceeding under the laws of this State; provided that no such public employee shall be exempt from prosecution or punishment for perjury committed while so testifying.

Thus, defendant's testimony before the grand jury may not be introduced in evidence against him in any subsequent criminal proceeding, *Kugler v. Tiller,* 127 *N. J. Super.* 468, 473 (App. Div. 1974), except as it might be relevant in a prosecution for perjury or false swearing. *State v. Mullen, supra; State v. Falco,* 60 *N. J.* 570, 585 (1972). Since defendant's Fifth Amendment protection is derived from the statute we need not consider the effect of *Miranda v. Arizona,* 384 *U. S.* 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Nor, in the circumstances of this case, need we decide the nature and extent of warnings required to be given to a target witness who is not a public employee. See *State v. Williams, supra,* 59 *N. J.* at 502; *State v. De Cola,* 33 *N. J.* 335, 342 (1960); *State v. Browning,* 19 *N. J.* 424 (1955); *State v. Slavola,* 118 *N. J. Super.* 393 (App. Div. 1972); *State v. Sibilia, supra,* 88 *N. J. Super.* at 550; *Gollaher v. United States,* 419 *F.* 2d 520 (9 Cir. 1969), *cert.* den. 396 *U. S.* 960, 90 S. Ct. 434, 24 L. Ed. 2d 424 (1969); *United States v. Mandujano,* 496 *F.* 2d 1050 (5 Cir. 1974), reh. den. 503 *F.* 2d 568 (5 Cir. 1974); *Mattox v. Carson,* 424 *F.* 2d 202 (5 Cir. 1970), *cert.* den. 400 *U. S.* 822, 91 S. Ct. 43, 27 L. Ed. 2d 51 (1970); *Commonwealth v. Columbia*

*Investment Corp.,* 457 *Pa.* 353, 325 *A.* 2d 289 (Sup. Ct. 1974).

We do not understand the opinion of the trial judge to indicate, as the State contends, that defendant in his status as a public employee was entitled to transactional immunity. The judge said:

> The statute provides for a self-executing immunity from the use of a public employee's testimony or any evidence derived therefrom in a subsequent criminal proceeding. Thus the state must be barred from using the defendant's testimony or evidence derived therefrom at a subsequent criminal proceeding including the trial on the indictment.

As we read the opinion, the trial judge held that the use immunity provided by the statute is self-executing, and that it requires no assertion of privilege by the witness and no confirmatory action by the court or by the State. We agree with that holding. It accords with the plain language of the statute.

The statement in *State v. Cattaneo,* 123 *N. J. Super.* 167, 171 (App. Div. 1973), certif. den. 63 *N. J.* 324 (1973), to the effect that "any public employee testifying before a grand jury is immune from prosecution" appears to be an inadvertence. The statement was not necessary to the determination; the case turned on whether defendant's waiver of immunity was fully understood and voluntarily made. In any event, we decline to follow it. An immunity statute is not required to afford transactional immunity in order to be compatible with the Fifth Amendment. *Kastigar v. United States,* 406 *U. S.* 441, 92 S. Ct. 1653, 32 L. Ed. 2d 212 (1972); *Lefkowitz v. Turley,* 414 *U. S.* 70, 94 S. Ct. 316, 38 L. Ed. 2d 274 (1973).

For the guidance of the trial judge we note that the State will be encumbered with the burden of demonstrating that the evidence it proposes to introduce against Vinegra is "derived from a legitimate source wholly independent" of his grand jury testimony. *Kastigar, supra,* 406 *U. S.* at 460,

92 S. Ct. at 1665. Because of the probability that defendant's grand jury testimony will be introduced against him in the trial of the false swearing charge, that count must be tried separately from those under discussion in this opinion.

The order dismissing counts one through seven is reversed.